# FERDINAND LENZ v. M. P. HOBART and Another.[1]

## July 22, 1910.

### Nos. 16,696—(226).

**Breach of covenant of warranty.**

    Plaintiff sued for breach of covenants in a warranty deed. Defendant's grantor took a commuted homestead certificate. This was suspended by the general land office. The period during which it was legally possible to perfect title expired. Plaintiff is *held* to be entitled to judgment.

[1]Reported in 127 N. W. 495.

Action in the district court for Hennepin county to recover $1,648 for breach of the covenants of seisin, and of warranty and quiet enjoyment, contained in a warranty deed. The defendants separately demurred to the cause of action alleged upon the covenant of seisin, and their answers to the cause of action on the covenants of warranty and quiet enjoyment were a general denial, except that the conveyance from defendants to plaintiff was admitted. The case was tried before Booth, J., who directed a verdict in favor of plaintiff for $1,732. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*Charles J. Berryhill,* for appellants.

*Hall & Kolliner* and *C. H. Christopherson,* for respondent.

JAGGARD, J.

This action was brought by the plaintiff and respondent against the defendants and appellants for breach of a covenant of seisin, of quiet enjoyment and warranty, contained in the covenants in a warranty deed. Plaintiff paid $800 in cash and delivered a stallion, which was put into the purchase at an agreed price of $500. The deed was in the conventional form. Plaintiff conveyed the land to a third person, who demanded of plaintiff the restitution of the purchase price when question arose as to the title which defendants had conveyed to plaintiff. Plaintiff complied with the demand and took a reconveyance. He then demanded from the defendants the repayment to him of the amount he was entitled to recover.

It appeared that one May Stapleton, defendants' grantor, had undertaken to acquire title to the land under the federal homestead law. She subsequently attempted to commute her interest, based upon the residence of fourteen months. She received a commuted homestead entry certificate. After the deed to plaintiff had been executed, the commissioners of the general land office at Washington, finding that the laws controlling homestead entries had not been complied with, suspended the certificate. The right was reserved to the homesteader, if she so elected, to complete the eleven months' additional residence upon the land, and to comply generally with the requirements of the law. She was notified of such sus-

pension, but took no appeal, and did nothing by way of additional residence, and submitted no proof. No patent was ever issued. The period within which it was legally possible to do anything whatever expired.

At the conclusion of the testimony both sides moved for an instructed verdict. The motion of plaintiff was granted. Defendants took this appeal from the order of the trial court denying their motion for a new trial.

Defendants insist that the fundamental error in the trial court's conclusion lay in this: That the entry was merely suspended, and not canceled. There was, therefore, a technical breach of the contract proved, on which plaintiff was entitled to nominal damages, but to such damages only. Whatever right the entryman had, plaintiff received. Moreover, it does not appear that plaintiff, having received the deed, ever tendered to defendants any reconveyance, but still retained the deed given by defendants.

The difficulty in this position is that under the rulings of the land office, from which defendants took no appeal and the propriety of which defendants do not impeach, the suspended entry conveyed no title whatever, unless plaintiff complied with the right reserved to the person who made the homestead entry to complete the required residence. It does not appear that plaintiff complied with this requisite. Nothing was ever done by her or defendants to acquire title. The period within which it was legally possible to do anything whatever expired. Any inchoate privilege secured under the original entry became wholly nugatory and without effect. R. S. (U. S.) 1878, § 2291 (U. S. Comp. St. 1901, p. 1390). The vendor's title failed completely. No rights were conveyed to the vendee. There were some nominal improvements on the premises; but the defendants conveyed no title to the land, nor to its improvements.

The assignments of error addressed to rulings on evidence have all been examined. We are of opinion that no reversible error appears therein. The assignment addressed to the alleged error of the trial court in refusing to submit to the jury the question whether one Kilpatrick was the agent of plaintiff or of defendants did not

constitute reversible error.   No difficulty is presented by the form of action, as to breach of covenant of seisin, and the like.

Affirmed.